# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-10278
Summary Calendar

STEPHEN CLAYTON WALKER,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Official
and Individual Capacity; THOMAS BAKER, Official and
Individual Capacity; ELVIS HIGHTOWER, Official and
Individual Capacity; STATE OF TEXAS, a Municipal Corpor-
ation; RICKY NEWMAN, Official and Individual Capacity;
DAVID COLE, Official and Individual Capacity; JOHN DOE,
1-5; JANE DOE, 1-5,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-1044-H)

March 8, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Stephen Clayton Walker appeals adverse judgments in his 42 U.S.C.
§ 1983 actions against the State of Texas and four Texas corrections officials
arising out of his confinement in the Hutchins State Jail Facility. For the reasons

---

[*]Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ
Cɪʀ. R. 47.5.4.

assigned we affirm the dismissals under the eleventh amendment and the adverse summary judgment.

## Background

Proceeding *pro se* and *in forma pauperis*, Walker sued the State of Texas and the several officials in their official and individual capacities, alleging that while an inmate in the Hutchins facility in 1995 the temperatures therein exceeded 115 degrees, there was poor ventilation, and sewerage seeped into the living quarters, attracting insects. He alleged that because of these conditions he developed severe rashes on his body and became nauseated and dizzy. He further alleged that the defendants were aware of these conditions and willfully disregarded his rights in failing to correct them.

The court dismissed the claims against the State of Texas and the defendants in their official capacities based on eleventh amendment immunity.[1] The individual defendants sought and secured summary judgment, dismissing the claims against them personally, for failure of proof that they had been deliberately indifferent to Walker's conditions of confinement. Walker timely appealed.

## Analysis

Walker first contends that the district court erred in dismissing the action against the state and against the individuals in their official capacity. We do not

---

[1] Walker attempted to appeal the district court's order of dismissal; a panel of this court dismissed the appeal for lack of jurisdiction, contending that the dismissal of the defendants did not qualify as an appealable final judgment. **Walker v. Scott**, No. 97-11151 (5th Cir. April 15, 1998).

agree.  The eleventh amendment bars federal court suits against states by private citizens except where a state has waived its immunity, or where Congress, in implementing its legislation clearly has abrogated the states' immunity.[2]  Texas has not waived its immunity from suit in 42 U.S.C. § 1983 actions,[3] nor has Congress abrogated immunity of the states in enacting this legislation.[4]  Further, because claims against state employees in their official capacity are considered claims against their office, these claims are barred for the same reasons.[5]

Walker next contends that the district court erred in granting defendants summary judgment in their individual capacities.  Specifically, he contends that he presented sufficient competent evidence of an eighth amendment violation to withstand summary judgment.  Our review of the record and the briefs, however, persuades that the district court correctly granted summary judgment.  One seeking to establish a violation of the eighth amendment's duty to provide humane conditions of confinement must show both a serious deprivation and a sufficiently culpable state of mind of the prison authorities.[6]  A sufficiently culpable mindset exists only when a prison official is deliberately indifferent to the deprivation, *i.e.*, has subjective knowledge of and disregards an excessive

---

[2] **Edelman v. Jordan**, 415 U.S. 651 (1974); **Fitzpatrick v. Bitzer**, 427 U.S. 445 (1976).

[3] **Brandley v. Keeshan**, 64 F.3d 196 (5th Cir. 1995).

[4] **Quern v. Jordan**, 440 U.S. 332 (1979).

[5] **Will v. Michigan Dept. of State Police**, 491 U.S. 58 (1989).

[6] **Wilson v. Seiter**, 501 U.S. 294 (1991); **Farmer v. Brennan**, 511 U.S. 825 (1994).

risk to inmate health and safety.[7] The summary judgment record contains no competent evidence that the defendants acted with deliberate indifference toward Walker's conditions of confinement.

We likewise find no merit in Walker's claims that the trial court erred by acting without providing notice, by disallowing discovery, and by denying him an opportunity to amend his complaint. The record reflects that Walker was given notice and an opportunity to respond to the motion for summary judgment but opted otherwise, and that he never requested discovery. As to the denial of amending the complaint, we perceive no abuse of discretion in the court's refusal to permit Walker to amend his complaint for the second time in order to add unidentified parties.[8]

Finally, we reject as frivolous Walker's contentions that the clerk of court failed to enter defaults against two defendants and that the court erred in assessing attorney's fees against him. The clerk entered the requested defaults and the court has not assessed fees against Walker.

The judgments appealed are AFFIRMED.

---

[7] **Farmer**.

[8] See, e.g., **Halbert v. City of Sherman, Texas**, 33 F.3d 526 (5th Cir. 1994).